UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.: 10-20412-CIV-HUCK/O'SULLIVAN

TRACFONE WIRELESS, INC., a Delaware
Corporation,

        Plaintiff,

vs.

DUCKROSS TRADING CORP., et al.,

        Defendants.
_____/

## FINAL JUDGMENT AND PERMANENT INJUNCTION

      This matter is before the Court on Plaintiff's Motion for Entry of Default Final Judgment and Permanent Injunction Against Defendants (D.E. # 15), filed April 21, 2010. For the following reasons, the Motion is granted.

      Plaintiff TracFone Wireless, Inc. is the largest provider of prepaid wireless telephone service in the United States, and markets its service under the TracFone, Net10, SafeLink and Straight Talk brands. TracFone's service enables its customers to prepay for their wireless service by purchasing TracFone airtime cards and specially manufactured wireless phones (the "Phones"). TracFone subsidizes its customers' acquisition of the Phones by selling them for substantially less than cost. TracFone recoups this subsidy through profits earned on the sale of the airtime cards that–because of software installed on the Phones–are necessary to make and receive calls thereon.

      TracFone brought the above-captioned lawsuit against Defendants, Duckross Trading Corp. and Lucas Meza, on February 9, 2010. *See* Amended Complaint (D.E. # 10 ). TracFone alleges that Defendants are engaged in an unlawful enterprise involving the acquisition, alteration and sale of large quantities of Phones which Defendants purchase, often in bulk, from various retail outlets (the "Scheme"). The Scheme is rather straightforward. TracFone alleges that Defendants purchase or cause others to purchase Phones, hack the Phones to disable the software that would otherwise necessitate a user to purchase TracFone airtime cards, and resell the Phones for a profit. Defendants are able to profit because the Phones–subsidized by TracFone–can be purchased below cost and

resold at or above cost, and TracFone is unable to recoup its subsidy because removal of its protective software obviates the need for users to purchase TracFone airtime cards.

The Phones are sold subject to terms and conditions that conspicuously restrict and limit their sale and use in a manner which prohibits the type of activity Defendants are alleged to have committed. These terms and conditions are set forth in printed inserts included in the packaging with every Phone and are referenced in printed warnings placed on the outside of the packaging.

As a result of Defendants' involvement in the Scheme, TracFone asserted claims against the Defendants for federal trademark infringement under 15 U.S.C. § 1114, federal unfair competition under 15 U.S.C. § 1125(a), breach of contract, contributory trademark infringement, copyright infringement under Title 17 of the United States Code, circumvention of technological measures that control access to copyrighted software and trafficking in services that circumvent technological measures protecting copyrighted software, both under 17 U.S.C. § 1201, conspiracy to induce breach of contract, tortious interference with a contractual right, civil conspiracy, and unjust enrichment. Plaintiff seeks entry of a permanent injunction barring Defendants' unlawful conduct, award of damages, restitution and other relief.

Having failed to appear in this matter, the Clerk of this Court entered a clerk's default against the Defendants (D.E. # 11) on April 1, 2010. A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." *Eagle Hosp. Physicians, LLC v. SRG Consulting, Inc.*, 561 F.3d 1298, 1307 (11th Cir. 2009) (quoting *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). The Court having review the Amended Complaint and accompanying exhibits, the Motion and record, and otherwise being duly advised, it is hereby

ORDERED, ADJUDGED and DECREED that:

1. This Court has jurisdiction over all of the parties and claims set forth in TrafFone's Amended Complaint.

2. The Court finds that TracFone owns and has also used the following trademarks: (a) Incontestable United States Trademark Registration No. 2,114,692 for TracFone, based on a first use date of June 30, 1996; (b) United States Trademark Registration Nos. 3,224,929 and 3,222,623

for TracFone Nationwide Prepaid Wireless and Design based on first use dates of December 31, 2005; (c) United States Trademark Registration No. 3,118,250 for NET10, based on a first use date of March 1, 2005; (d) United States Trademark Registration Nos. 3,255,754, 3,253,506, and 3,251,389 for NET10 Pay As You Go Made Simple and Design, based on first use dates of December 31, 2005; (e) United States Trademark Registration No. 3,630,321 for SafeLink Wireless and Design, based on a first use date of September 12, 2008; and (f) Straight Talk and Straight Talk and Design, based on a first use date of May 29, 2009.

3.      This Court finds that the Defendants' involvement in the Scheme constitutes federal trademark infringement under 15 U.S.C. § 1114, federal unfair competition under 15 U.S.C. § 1125(a), breach of contract, contributory trademark infringement, copyright infringement under Title 17 of the United States Code, circumvention of technological measures that control access to copyrighted software and trafficking in services that circumvent technological measures protecting copyrighted software, both under 17 U.S.C. § 1201, conspiracy to induce breach of contract, tortious interference with a contractual right, civil conspiracy, and unjust enrichment.

4.      The Court further finds that Defendants' participation in the Scheme has caused substantial and irreparable harm to TracFone, and will continue to cause substantial and irreparable harm to TracFone unless enjoined.  TracFone is thus entitled to injunctive relief and damages on the claims set forth in the Amended Complaint.

5.      FINAL JUDGMENT is hereby ENTERED against each of the Defendants, and in favor of the Plaintiff, TracFone, on all of the claims set forth in TracFone's Amended Complaint.

6.      Pursuant to 17 U.S.C. § 1203(c)(3)(A), TracFone is entitled to recover statutory damages "of not less than $200 or more than $2,500" for each Phone Defendants altered, or sold as part of a conspiracy to alter, in furtherance of the Scheme. *See Craigslist, Inc. v. Naturemarket, Inc.*, --- F. Supp. 2d ----, 2010 WL 807446, *19 (N.D. Cal. 2010) ("Under the DMCA, a successful plaintiff may elect to recover an award of statutory damages in lieu of actual damages."). The Court finds that Defendants altered, or sold as part of a conspiracy to alter, at minimum, 1,900 Phones in furtherance of the Scheme in violation of 17 U.S.C. § 1203(c)(3)(A). Final Judgment is hereby entered against Defendants, jointly and severally, and in favor of the Plaintiff, in the principal amount of $380,000.00, which shall bear interest at the legal rate, and for which let execution issue

forthwith.

7. TracFone is also entitled to recover its costs and reasonable attorneys' fees incurred in bringing this action as a prevailing party pursuant to 17 U.S.C. § 1203(b)(4)-(5). Should TracFone decide to pursue recovery of its reasonable attorneys' fees and costs, it shall submit proof thereof within fifteen (15) days of the date of this Order.

8. Defendants, Duckross Trading Corp. and Lucas Meza, individually, are hereby PERMANENTLY ENJOINED from:

    a. purchasing and/or selling any wireless mobile handset that they know, or should know, bears, or at one time bore, any TracFone, NET10, Straight Talk, or SafeLink trademark, any other trademark owned or used by TracFone, or any other model of wireless mobile phone sold or marketed by TracFone ("TracFone Handsets"). Defendants are enjoined from purchasing and/or selling all models of wireless phones currently offered for sale by TracFone, or that may be offered for sale in the future, as listed and updated from time to time on TracFone's, NET10's, Straight Talk's, and SafeLink's websites, www.tracfone.com, www.net10.com, www.straighttalk.com and www.safelink.com, respectively, and including without limitation the following TracFone Handsets: Kyocera K126C, Motorola C343, Nokia 1221, LG 100C, Motorola EM 326g, Nokia 1600, LG 1500, Motorola V60, Nokia 2126, LG 200C, Motorola V120C, Nokia 2126i, LG 200CM, Motorola V120T, Nokia 2285, LG 220C, Motorola V170, Nokia 2600, LG 290C, Motorola V171, Nokia 3390, LG 300G, Motorola RAZR V3a, Nokia 5125/5165, LG 300G AR, Motorola V176, Samsung T101G, LG 320G, Motorola W175g, Samsung T105G, LG 3280, Motorola W175g AR, Samsung T155G, LG 400G, Motorola W260g, Samsung T201G, LG 410G, Motorola W326g, Samsung T255G, LG 420G, Motorola W370, Samsung T301G, LG 600G, Motorola W375, Samsung T401G, LG 620G, Motorola W376g, Samsung R335C, LG CG225, Motorola W377g, Samsung R355C, Motorola C139, Motorola W385, Samsung R451C, Motorola C155, Nokia 1100, Samsung R810C, Motorola C261, Nokia 1112, Samsung 900G;

    b. rekitting, reflashing and/or unlocking of any TracFone Handset;

    c. accessing, altering, erasing, tampering with, deleting or otherwise disabling TracFone's proprietary prepaid cellular software contained within any model of TracFone Handsets;

    d. facilitating or in any way assisting other persons or entities who Defendants know or

should know are engaged in rekitting, reflashing and/or unlocking TracFone Handsets and/or hacking, altering, erasing, tampering with, deleting or otherwise disabling the software installed in TracFone Handsets, in doing the same;

  e. facilitating or in any way assisting other persons or entities who Defendants know or should know are engaged in any of the acts prohibited under this Permanent Injunction including, without limitation, the buying and/or selling of unlocked TracFone Handsets, in doing the same; and,

  f. knowingly using the TracFone/NET10/Straight Talk/SafeLink Trademarks or any other trademark owned or used by TracFone, or that is likely to cause confusion with TracFone/NET10/Straight Talk/SafeLink Trademarks, without TracFone's prior written authorization.

  9. The Court retains jurisdiction over this matter and the parties to this action in order to enforce any violation of the terms of this Permanent Injunction by a finding of contempt and a payment of damages to TracFone for each TracFone Handset that any Defendant is found to have purchased, sold, or unlocked in violation hereof.

  10. The prevailing party in any proceeding to enforce compliance with the terms of this Permanent Injunction shall be entitled to an award of its attorneys' fees and costs.

  11. All relief not expressly granted is denied.

  12. The last known address of Defendant Duckross Trading Corp. is 21122 Southwest 85th Pass, Cutler Bay, Florida 33189.  The last known address of Defendant Lucas Meza is 21122 Southwest 85th Pass, Cutler Bay, Florida 33189.  The address of Plaintiff TracFone Wireless, Inc. is 9700 NW 112th Ave., Miami, Florida 33178.

  ORDERED, ADJUDGED and DECREED in Chambers, Miami, Florida, April 26, 2010.

                _____
                Paul C. Huck
                United States District Judge

**Copies furnished to:**
All Counsel of Record